AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means   ☑ Original   ☐ Duplicate



CLERK'S OFFICE
A TRUE COPY
Feb 08, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched
or identify the person by name and address)* )
a. A silver iPhone in a black case in evidence under inventory #24002805, Item #2.
b. A black iPhone with a cracked screen in evidence under inventory #24002805, Item #3.
c. A black cell phone in evidence under inventory #24002809, Item #1.
Devices are currently in evidence at the Milwaukee Police Department.

Case No. **24-M-327 (SCD)**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the **Eastern** District of **Wisconsin**
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before **2-22-24** *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to **Honorable Stephen C. Dries**.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **2-8-24. 2:55 pm**

*Judge's signature*

City and state: **Milwaukee, WI**   **Honorable Stephen C. Dries, U.S. Magistrate Judge**
*Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

a. A silver iPhone in a black case in evidence under inventory #24002805, Item #2.

b. A black iPhone with a cracked screen in evidence under inventory #24002805, Item #3.

c. A black cell phone with unknown serial number. Located on GRIFFIN's person at the time of his arrest in evidence under inventory #24002809, Item #1.

The Devices are currently in evidence at the Milwaukee Police Department.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records on the Devices described in Attachment A that relate to violations of Title 18, United States Code, §§ 2119(1) (Carjacking), and 924(c) (brandishing of a firearm during a crime of violence) involving James POOLE, Jabari GRIFFIN, or any other subject, stored on the Devices, to include:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information recording any targets' schedule or travel;

   c. any web search information related to the offenses described above;

   d. photographs of locations evidencing pre-carjacking surveillance or vehicles or people related to the offenses described above;

   e. any information related to the proceeds from the carjacking described above;

   f. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

   g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Feb 08, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
a. A silver iPhone in a black case in evidence under inventory #24002805, Item #2. )
b. A black iPhone with a cracked screen in evidence under inventory #24002805, Item #3. )
c. A black cell phone in evidence under inventory #24002809, Item #1. )
Devices are currently in evidence at the Milwaukee Police Department. )

Case No. 24-M-327 (SCD)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the ___Eastern___ District of ___Wisconsin___, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2119(1) | Carjacking |
| 18 U.S.C. § 924(c) | Brandishing a Firearm during a Crime of Violence |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

David Bianchi, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means)*.

Date: 2-8-24

_____
*Judge's signature*

City and state: Milwaukee, WI          Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF

# AN APPLICATION FOR A SEACH WARRANT

I, David Bianchi, being first duly sworn on oath, on information and belief state:

I. **INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:**

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since September 2020. Since September 2020, I have been assigned to FBI's Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed motor vehicle robberies, and other violent crime matters, defined under Title 18 of the United States Code. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

2. Based upon my training and experience, I know that computer hardware and software may be important to a criminal investigation in two distinct and important respects: (1) the objects themselves may be instrumentalities, fruits, or evidence of crime; and/or (2) the objects may have been used to collect and store information about crimes (in the form of electronic data). Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize computer hardware and software which are (a) instrumentalities, fruits, or evidence of crime, or (b) storage devices for information about crime.

3. To this end, based upon my training and experience, I know that individuals involved in violent crimes use cellular telephones to maintain contact with co-conspirators aurally

or via electronic message in "text" format. I also know that it is common for suspects who commit violent crimes to take or cause to be taken photographs and other visual depictions of themselves, their associates, and the illegal proceeds and firearms that they control or possess.

4. Based on the investigation to date, I submit that there is probable cause to believe that James POOLE (DOB XX/XX/2005) and Jabari GRIFFIN (DOB XX/XX/2003) conspired to commit and committed two armed carjackings in Milwaukee, Wisconsin, on January 29, 2024, and January 30, 2024, in violation of Title 18, United States Code, §§ 2119(1) (carjacking), and 924(c) (brandishing of a firearm during a crime of violence).

5. This affidavit is based upon my personal knowledge, my training and experience, and on information reported to me by other state and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon police reports, physical surveillance, and witness statements that I consider to be reliable as set forth herein. The facts of this Affidavit are based upon information obtained from my investigation, as well as information I have received from other law enforcement officers.

6. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included each and every fact known to me concerning this investigation. I have attempted to set forth only the facts that I believe are pertinent to establishing the necessary foundation for the warrant.

II. **IDENTIFICATION OF THE DEVICES TO BE EXAMINED**

7. This affidavit is submitted in support of an application for a search warrant for the below-described portable electronic devices ("Devices"), which are currently in evidence at the Milwaukee Police Department ("MPD"), for evidence of the user's possible involvement in the armed carjackings described in detail below:

2

a. A silver iPhone in a black case in evidence under inventory #24002805, Item #2.

b. A black iPhone with a cracked screen in evidence under inventory #24002805, Item #3.

c. A black cell phone with unknown serial number. Located on GRIFFIN's person at the time of his arrest in evidence under inventory #24002809, Item #1.

8. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

### III. PROBABLE CAUSE

#### January 29, 2024 – Mercedes-Benz CLA

9. On January 29, 2024 at approximately 7:45 PM, Victim 1 (F.O., DOB XX/XX/1994) parked his Mercedes-Benz CLA in front of 2409 N Farwell Ave., Milwaukee, Wisconsin. Victim 1 was waiting for his friend, Victim 2 (H.G., DOB XX/XX/1997), at that location. After Victim 2 entered the front passenger seat of Victim 1's vehicle, a Mazda SUV drove up and parked in front of him, preventing him from driving away. Suspect 1, who was armed with a handgun, exited the driver's door of the Mazda SUV and approached him while pointing the handgun at his direction. Suspect 2 and Suspect 3, also armed with handguns, exited the passenger side of the Mazda SUV and approached Victim 2 while pointing the handguns at his direction.

10. One of the suspects stated, "Run your shit, give me everything in your pockets and the keys." Victim 1 and Victim 2 both complied, handing the suspects their wallets, phones, and keys. Suspect 1 entered the driver's seat of the Mercedes-Benz CLA and Suspect 2 and Suspect 3 entered the Mazda SUV. Both vehicles then fled southbound on N Farwell Ave.

3

11. Suspect 1 was described as a black male, 15 years of age, 160 pounds, slim build with a dark skin complexion. He was wearing all black clothing, a black ski mask, and was armed with a dark colored handgun with an extended magazine.

12. Suspect 2 and Suspect 3 were both described as black males, 16-17 years of age, 150-160 pounds, with thin builds. They were wearing dark clothing, black ski masks, and were armed with dark colored handguns with extended magazines.

### Recovery of Mercedes-Benz CLA

13. On January 29, 2024 at approximately 8:32 PM, Victim 1's Mercedes-Benz CLA was located by MPD officers unoccupied at 3926 N 23rd St., Milwaukee, Wisconsin. A review of nearby security camera footage captured an individual exit the vehicle and begin to throw items toward the front lawn of 3937 N 23rd St, Milwaukee, Wisconsin. The item was later recovered and was identified as Victim 1's GPS tracking unit from his vehicle.

14. In the street near the recovered vehicle, MPD officers also located a Wisconsin Identification Card belonging to James POOLE (DOB XX/XX/2005)

### January 30, 2024 – Infiniti Q45

15. On January 30, 2024 at approximately 4:45 PM, Victim 3 (H.G., DOB XX/XX/1979) entered his Infiniti Q45 which was parked in a parking lot at 413 N 2nd St, Milwaukee, Wisconsin. Victim 3 observed Suspect 4, who is suspected to be the same person as Suspect 1, approach from the rear of his vehicle. Suspect 4 tapped on Victim 3's driver's window, pointed a firearm at him, and told him to get out of the car and give him everything. Victim 3 exited his vehicle and handed him the vehicle's key fob. As Victim 3 began to walk away, he observed that a dark colored SUV was parked behind his vehicle blocking him in.

4

16. Suspect 4 entered Victim 3's vehicle and drove westbound on W St Paul Ave with the dark SUV following behind.

17. Suspect 4 was described as a black male in his 20's, 5'09", with a thin build. He was wearing a black ski mask, black or blue sweatshirt, and black pants. He was armed with two firearms, one silver and the other possibly black.

**Recovery of Infiniti Q45 - Arrest of POOLE and GRIFFIN**

18. On January 30, 2024, at approximately 5:15 PM, MPD officers observed Victim 3's Infiniti Q45 traveling east on W Center St., Milwaukee, Wisconsin. MPD officers attempted to conduct a traffic stop of the vehicle at which time the vehicle fled and a pursuit was initiated. After fleeing for several miles, the Infiniti Q45 crashed into a tree at 8229 W Burleigh St. GRIFFIN attempted to flee on foot but was quickly apprehended by MPD officers. The other four occupants were taken into custody. The driver was identified as James POOLE, the front passenger as Z.S. (DOB XX/XX/2009), the left rear passenger as Jabari GRIFFIN, the middle seat rear passenger as B.H (XX/XX/2003), and the right rear passenger as J.P. (XX/XX/2004).

19. During a search incident to arrest, a firearm was located in POOLE's left waistline of his jeans along with an additional firearm in the vehicle's center console. POOLE was also found to be in possession of the office key fob belonging to Victim 3

20. During a search of the vehicle, MPD officers located two of the aforementioned cell phones in and around the vehicle. One phone was located on the rear passenger's floorboard, one was located outside the rear passenger's door on the ground next to the vehicle. The third phone was located on GRIFFIN's person at the time of his arrest. The cell phones were placed on inventory at the Milwaukee Police Department.

### Identification of James POOLE

21. On January 31, 2024, MPD detectives conducted a photo lineup with Victim 2 (owner of the Mercedes-Benz CLA). Victim 2 positively identified James POOLE as the armed suspect with the gun at his driver's door who entered and drove away in his vehicle.

### IV. TECHNICAL TERMS

22. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed

and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence

of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

23. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that the electronic Devices described above have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

V. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

24. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Devices. This information can sometimes be recovered with forensics tools.

25. *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of use, who used it, and when.

26. *Nature of examination*. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

27. *Manner of execution*. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve

the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI. CONCLUSION

28. Based on the facts contained within this affidavit, I believe that probable cause exists to search the Devices, which are more particularly described in Attachment A, and which are currently located in evidence at the Milwaukee Police Department, for evidence of the aforementioned armed carjackings, including but not limited to the information contained in Attachment B.

## ATTACHMENT A

### Property to Be Searched

a. A silver iPhone in a black case in evidence under inventory #24002805, Item #2.

b. A black iPhone with a cracked screen in evidence under inventory #24002805, Item #3.

c. A black cell phone with unknown serial number. Located on GRIFFIN's person at the time of his arrest in evidence under inventory #24002809, Item #1.

The Devices are currently in evidence at the Milwaukee Police Department.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records on the Devices described in Attachment A that relate to violations of Title 18, United States Code, §§ 2119(1) (Carjacking), and 924(c) (brandishing of a firearm during a crime of violence) involving James POOLE, Jabari GRIFFIN, or any other subject, stored on the Devices, to include:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information recording any targets' schedule or travel;

   c. any web search information related to the offenses described above;

   d. photographs of locations evidencing pre-carjacking surveillance or vehicles or people related to the offenses described above;

   e. any information related to the proceeds from the carjacking described above;

   f. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

   g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.